IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:24-cv-636

| | |
|---|---|
| UNIVERSAL PRESERVACHEM, INC. a/k/a UNIVERSAL PRESERV-A-CHEM, INC. <br><br> Plaintiff, <br><br> vs. <br><br> DELL'S CHERRIES, LLC F/K/A DELL'S MARASCHINO CHERRIES CO., INC. <br><br> Defendant. | **VERIFIED COMPLAINT** |

NOW COMES, Plaintiff Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, Inc. ("Universal") and alleges as its complaint against Defendant Dell's Cherries, LLC f/k/a Dell's Maraschino Cherries Co., Inc.[1] ("Dell's Maraschino") the following:

## INTRODUCTION

1.      Universal imports, packages, distributes, and sells chemical ingredients for, *inter alia*, food manufacturers.

2.      Dell's Maraschino's website states that it is located in Brooklyn, New York and advertises that it is one of the largest processors of maraschino cherries in the United States. Furthermore, Dell's Maraschino touts that as a leading cherry processor, that its 38,000 square foot manufacturing facility is the most advanced in the industry.[2]

3.      In the regular course of the parties' relationship, Universal and Dell's Maraschino (collectively as the "Parties") contracted for the purchase and sale of certain raw ingredients.

---

[1] Sometime in or around April of 2016, Dell's Maraschino Cherries Co., Inc. merged into a new entity name, Dell's Cherries, LLC.
[2] *See* https://dellscherry.com/about-us (last accessed on July 23, 2024).

4.      However, despite Universal's complete performance and full compliance with the applicable contracts, and despite multiple and reasonable demands for payment, Dell's Maraschino failed to pay Universal for the full sums owed, which currently amounts to at least $117,985.00, which is accruing interest.

5.      As of the filing of this Complaint and despite Universal's previous demands for payment, Dell's Maraschino has continued to ignore its obligation to satisfy the full balance of the past-due amount.

## PARTIES AND JURISDICTION

6.      Plaintiff Universal Preserv-A-Chem, Inc. is a North Carolina corporation with its headquarters and principal place of business in Mebane, North Carolina.

7.      Upon information and belief, Defendant Dell's Maraschino Cherries Co., Inc. is a New York corporation with its headquarters and principal place of business in Brooklyn, New York

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because it is a dispute between citizens of different states where the amount in controversy exceeds $75,000.00.

9.      The Court has personal jurisdiction over Dell's Maraschino because the Parties engaged in and transacted business and contracted to purchase products within this judicial district.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Parties engaged in and transacted business within and contracted to purchase products within this judicial district, or, alternatively, pursuant to 28 U.S.C. § 1391(b)(3) because Dell's Maraschino is subject to personal jurisdiction here. Specifically, the subject products relevant to this lawsuit were shipped from Mebane, North Carolina.

2

## FACTUAL BACKGROUND

11.    Universal incorporates all foregoing paragraphs as if set forth fully herein.

12.    On June 1, 2021, within the Parties' regular course of business, Dell's Maraschino submitted a purchase order—identified by P.O. Number 8614—for Citric Acid and that it be shipped to its facility in Brooklyn, New York by August 1, 2021 ("Purchase Order 8614").

13.    Universal acknowledged Purchase Order 8614 and stated that the estimated ship date would be July 29, 2021, for 42,000.00 pounds of Citric Acid.

14.    On July 12, 2021, within the Parties' regular course of business, Dell's Maraschino submitted a purchase order—identified by P.O. Number 8703—for Potassium Sorbate and Sodium Benzoate and that it be shipped to its facility in Brooklyn, New York by August 6, 2021 ("Purchase Order 8703").

15.    Universal acknowledged Purchase Order 8703 and stated that the estimated ship date would be July 29, 2021, for 5,000 KG of Potassium Sorbate and 5,000 KG of Sodium Benzoate.

16.    Dell's Maraschino's purchase orders and Universal's acknowledgements of the Purchase Orders constitute as valid contracts between the Parties.

17.    Accordingly, Universal packaged and shipped the products based upon the agreed upon terms.

18.    On July 29, 2021, the Citric Acid that Dell's Maraschino ordered pursuant to Purchase Order 8614 was shipped and delivered from Mebane, North Carolina to Dell's Maraschino's facility in Brooklyn, New York.

19.     On the same date, Universal invoiced Dell's Maraschino in the amount of $60,610.00 for the payment for products purchased by Dell's Maraschino under Purchase Order 8614, which was marked as Invoice # 33340. This payment was due on August 28, 2021.

20.     On August 2, 2021, the Potassium Sorbate and Sodium Benzoate that Dell's Maraschino ordered pursuant to Purchase Order 8703 was shipped and delivered from Mebane, North Carolina and to Dell's Maraschino's facility in Brooklyn, New York.

21.     On the same date, Universal invoiced Dell's Maraschino in the amount of $57,375.00 for the payment for products purchased by Dell's Maraschino under Purchase Order #8703, which was marked as Invoice # 33410. This payment was due on August 2, 2021.

22.     The Purchase Orders, Acknowledgements, and Invoices (collectively as the "Governing Contracts") constitute as valid contracts between the Parties.

23.     The Governing Contracts detail the material terms of the contract, which were agreed upon between the Parties, including, *inter alia*, the name of the product, the purchase price, deadline delivery date of the products, payment deadline, and that balances past due will be subject to a finance charge of 1.5% per month.

24.     Dell's Maraschino failed to make payments by the payment due date.

25.     Since then, Universal made several demands for payment in the amount of $117,985.00 plus the accruing interest at the rate of 1.5% per month for the products that Dell's Maraschino purchased and Universal delivered in accordance with the Governing Contracts.

26.     Sometime in or around June of 2021, Universal sent Dell's Maraschino a "Cyber Threat Awareness" notice, instructing Dell's Maraschino to "not accept any email communication from Universal Preserva Inc. [UPI], related to any changes in wire payment instructions" and that any such email is likely a "phishing attack". Therefore, Universal instructed Dell's Maraschino to

instead reach out to its known Universal company contact to make direct payments to Universal in a secure manner.

27.    Upon information and belief, Dell's Maraschino claims that it remitted payments in the amount of $60,610.00 and $57,150.00 on September 17, 2021, and September 24, 2021, respectively. However, Universal never received the payments Dell's Maraschino purports to have remitted. Furthermore, Dell's Maraschino failed to reach out to a Universal company contact to make the direct payment in a secure manner and failed to take the reasonable and necessary steps to facilitate payment in a secure manner.

28.    Upon information and belief, Dell's Maraschino's failure to take the reasonable and necessary steps to facilitate payment in a secure manner may have resulted in engagement with a phishing email, which could have been avoided, and submitted the purported payments to a third-party hacker. This error could have been prevented had Dell's Maraschino followed Universal's instructions and acted with greater care and diligence.

29.    Regardless, Dell's Maraschino failed to remit payments to Universal and therefore Dell's Maraschino is in breach of the contract between the Parties.

30.    Universal performed its obligations based on its reliance on Dell's Maraschino's representations that it would make full payments owed as it relates to the terms of the Governing Contracts.

31.    In breach of the Governing Contracts, Dell's Maraschino failed to tender full payment, leaving a current balance of at least $117,985.00 plus interest, which is owed to Universal as required under the Governing Contracts.

## <u>FIRST CAUSE OF ACTION</u>
### <u>(Breach of Contract)</u>

32.    Universal incorporates all foregoing paragraphs as if set forth fully herein.

33.    Universal and Dell's Maraschino entered into a valid contract for the purchase and sale of Citric Acid, Potassium Sorbate, and Sodium Benzoate and as set forth by the Governing Contracts.

34.    Dell's Maraschino failed to tender full payments pursuant to the Governing Contracts amount of at least $117,985.00, which is accruing a finance charge of 1.5% per month.

35.    Despite Universal's demand for payment in the amount of $117,985.00, Dell's Maraschino refused to do so.

36.    As the direct and proximate result of Defendant Dell's Maraschino's failure to pay all amounts due and owing under the Governing Contracts, Universal is damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus all costs incurred in collection and reasonable attorney's fees as provided by law.

WHEREFORE, Plaintiff Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, Inc. respectfully prays the Court as follows:

1.    That it have and recover from the Defendant Dell's Cherries, LLC f/k/a Dell's Maraschino Cherries Co., Inc. actual and incidental damages—including, *inter alia*, payment—in excess of $117,985.00;

2.    That it recovers from Defendant Dell's Cherries, LLC f/k/a Dell's Maraschino Cherries Co., Inc. the accrued interest of 1.5% per month, or the maximum rate permitted by law, whichever is lower, against the outstanding balance;

3.    That the attorneys' fees and legal costs of this action be taxed against Defendant Dell's Cherries, LLC f/k/a Dell's Maraschino Cherries Co., Inc. as allowable by law;

4.    For a jury trial on all issues so triable; and

5.    For such other and further relief as the Court may deem just and proper.

This the 31st day of July, 2024.

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**

By:    /s/ Hannah D. Kays_____
Brandon S. Neuman, NCSB # 33590
Hannah D. Kays, NCSB # 50622
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone:   (919) 329-3800
Facsimile:    (919) 329-3799
brandon.neuman@nelsonmullins.com
hannah.kays@nelsonmullins.com

## **VERIFICATION**

I, Chris Huezo, as the General Manager and on behalf of Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, declare that I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true and correct to the best of my own knowledge, except to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn to and subscribed before me this the **31st** day of **July**, 2024.

Notary Public Signature

**Thomas J. Buske**
Notary Public (Print or Type Name)

My Commission Expires: **April 21, 2027**

8